UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

YAEL BIZOUATI, individually, and as
parent and natural guardian of KEANU
VANDERHORST, an infant,

                                              ORDER
                          Plaintiff,

                                              CV 2005-4133 (RJD)(MDG)

          - against -


CITY OF NEW YORK, et al.,

                          Defendants.

- - - - - - - - - - - - - - - - - - X

     Plaintiff brings this civil rights action alleging false

arrest, excessive force and malicious prosecution.  By letter

dated May 31, 2007, defendants move to strike plaintiff's Second

Amended Complaint as untimely.  See ct. doc. 18.


                          **BACKGROUND**

     Plaintiff commenced this action on August 29, 2005.  See ct.

doc. 1.  On February 10, 2006, plaintiff filed an amended

complaint (ct. doc. 9) naming some individual officers after being

given leave to do so at an initial conference, with the consent of

defendants' counsel.  Following some discovery and unsuccessful

settlement discussions, plaintiff's counsel indicated at a

conference on December 4, 2006 that he wanted to join additional

officers.  Because counsel for defendants objected to the

propriety of asserting claims against the new officers, this Court
set a schedule requiring plaintiff to file a motion for leave to
file an amended complaint by February 16, 2007.  She did not do
so.  Nonetheless, at a conference held on March 2, 2007, the Court
extended the deadline for plaintiff's motion to amend to May 3,
2007.  <u>See</u> minute entry dated March 5, 2007.  At the next
conference held on May 25, 2007, the Court again extended the
deadline for plaintiff's motion to amend until May 29, 2007,
notwithstanding plaintiff's prior failure to move to amend, but
warned plaintiff to "address the question of whether there is good
cause for an extension."  <u>See</u> minute entry dated May 25, 2007.

On May 30, 2007, plaintiff filed its Second Amended Complaint
without first moving for leave to amend.  The defendants followed
with the instant motion to strike the Second Amended Complaint.


<u>**DISCUSSION**</u>

As defendants correctly observe, plaintiff failed to comply
with Rule 15(a)(2) of the Federal Rules of Civil Procedure by
simply filing the Second Amended Complaint without approval of the
Court.  Because more than 20 days had elapsed since the defendants
answered the amended complaint on March 1, 2006 and since
plaintiff had previously amended the complaint, she could not file
the Second Amended Complaint as of right.  <u>See</u> Fed. R. Civ. P.
15(a)(1), (2).  As this Court instructed at three conferences,
plaintiff first had to obtain leave to file her second amended

complaint by making an appropriate motion. <u>See</u> Fed. R. Civ. P. 15(a)(2). Not only did she fail to file a motion, she filed the Second Amended Complaint on May 30, 2007, one day after the deadline set for filing a motion for leave to amend. Thus, the threshold issue this Court addresses is whether plaintiff is entitled to an extension of the deadline for seeking leave to amend.[1]

Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order "shall not be modified except upon a showing of good cause." <u>See</u> <u>Ewing v. Roslyn High School</u>, 05-CV-1276, 2007 WL 1110745, at *1 (E.D.N.Y. Apr. 7, 2007); <u>Corkrey v. Internal Revenue Service</u>, 192 F.R.D. 66, 67 (N.D.N.Y. 2000); Fed. R. Civ. P. 16(b). Rule 16(b)'s "good cause" standard governs

---

[1] Whether the instant application is analyzed as a motion for an extension of the scheduling order under Rule 16 of the Federal Rules of Civil Procedure, a motion for leave to file an amended complaint under Rule 15(a) or a motion to strike, this application is one that I may determine under the general pretrial authority conferred to me in this case pursuant to 28 U.S.C. § 636(b)(1)(A). <u>See</u> <u>Fielding v. Tollaksen</u>, 510 F.3d 175, 178 (2d Cir. 2007) ("a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent"); <u>Marsh v. Sheriff of Cayuga County</u>, 36 Fed.Appx. 10 (2d Cir. 2002) (holding "that the magistrate judge acted within his authority in denying this motion to amend the complaint") (citing <u>Maurice v. State Farm Mut. Auto. Ins. Co.</u>, 235 F.3d 7, 9 n. 2 (1st Cir. 2000)); <u>U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff</u>, 768 F.2d 1099 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Brace v. IBM</u>, 953 F. Supp. 561, 563 (D. Vt. 1997) (motion to strike is a non-dispositive matter within the pretrial authority of Magistrate Judges to hear and determine); <u>Carnrite v. Granada Hospital Group, Inc.</u>, 175 F.R.D. 439, 441 n.1 (W.D.N.Y. 1997) (same); <u>Acme Electric Corp. v. Sigma Instruments, Inc.</u>, 121 F.R.D. 26, 28 (W.D.N.Y. 1988).

motions to amend filed after the deadline the court has set for amending pleadings, rather than the more liberal standard set forth in Rule 15(a) for motions to amend generally.  See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).  "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" Id. at 339-40 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, subsection (b))).  A finding of "good cause" depends on the diligence of the moving party.  Id.; see Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, subsection (b)) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

Plaintiff has not attempted to make a showing of good cause despite the Court's direction that plaintiff must file a motion and "address the question of whether there is good cause for an extension."  See minute entry dated May 25, 2007.  Rather than moving for leave to amend or seeking a further extension, plaintiff unilaterally filed her Second Amended Complaint after the last deadline.  Because plaintiff has not responded to defendants' motion, she has not offered any reason for her failure to follow the schedule set nor shown any diligence in moving to amend her complaint.

-4-

This Court thus finds that plaintiff has not established good cause for an extension of time to amend her complaint and join additional parties.  Since plaintiff had no right to file the Second Amended Complaint, this Court exercises its inherent power to strike this improper pleading.  <u>See</u> <u>Convolve, Inc. v. Compaq Computer Corp.</u>, No. 00 Civ. 5141, 2006 WL 2527773, at *3 (S.D.N.Y. Aug. 31, 2006) (striking defendants' invalidity contentions in a patent infringement action due to failure to follow scheduling order); <u>Adams v. Finlay</u>, Nos. 06 Civ. 6039, 2006 WL 3240522, at *5 (S.D.N.Y. Nov. 3, 2006) (noting a court's "historic and inherent power to strike all or part of a pleading for good cause").

**<u>CONCLUSION</u>**

For the foregoing reasons, defendants' motion to strike plaintiff's Second Amended Complaint is granted.  A conference will be held on April 15, 2008 at 3:00 p.m.  The parties may appear for the conference by telephone if they make arrangements for a conference call.

**SO ORDERED.**

Dated:     Brooklyn, New York
           March 19, 2008

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE